

**FILED & ENTERED**

AUG 06 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY vandenst DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Vida Shakib<br><br>Debtor. | CHAPTER 7<br><br>Case No.:  2:13-bk-26638-TD<br>Adv No:   2:14-ap-01093-TD<br><br>**SUPPLEMENTAL MEMORANDUM DECISION AFTER TRIAL**<br><br>Date: July 10, 2014<br>Time: 2:00 p.m.<br>Courtroom:    1345 |
| David A Gill<br><br>          Plaintiff,<br>   v.<br><br>Payam Afsharian, Vida Shakib, SIPA Holding Co., Inc.<br><br>          Defendants. | |

At the conclusion of the trial of this adversary proceeding, the court dismissed the complaint of Plaintiff David Gill, as chapter 7 trustee (Trustee), against Defendant Vida Shakib for reasons stated on the record at that time.  This Memorandum reaffirms the court's oral ruling and supplements that ruling as follows.

The Trustee sought turnover pursuant to 11 U.S.C. § 542 of property located at 109 N. Doheny Drive in Beverly Hills (the Doheny Property).

The trial evidence established that the Doheny Property was purchased in 2003 by a Nevada Corporation, SIPA Holding Co., Inc. (SIPA). SIPA was created and funded by Mahmoud Afsharian. Mahmoud was the father of Payam Afsharian. Payam has been married to Shakib for many years. Payam was registered on Mahmoud's Wells Fargo bank account as "POA," referring to a power of attorney granted to him by his father Mahmoud who resided in Canada.

In connection with SIPA's purchase of the Doheny Property, Payam, as a designated officer of SIPA, signed the loan documents on behalf of SIPA as secretary of SIPA in accordance with his father's instructions. See Ex. 11, pp. 3 and 6. Payam made payments on the SIPA loans on the Doheny Property with funds from the Wells Fargo account along with property taxes and other property and personal expenses of Payam and Shakib, all with the permission of Mahmoud. Otherwise, the evidence showed that SIPA failed to comply with basic corporate startup requirements of Nevada law and in 2014 was "permanently suspended" by the Nevada Secretary of State.

Mahmoud died in 2007. Mahmoud's wife, Payam's mother, succeeded by inheritance to all of Mahmoud's property interests, including Mahmoud's interest in SIPA and the Doheny Property and Mahmoud's Wells Fargo bank account.

After Mahmoud's death, Payam's mother allowed Payam to continue to pay such expenses from the Wells Fargo account set up by her husband Mahmoud.

There was no evidence that any funds in the Wells Fargo account or otherwise used for the purchase and upkeep of the Doheny Property came from Payam or Shakib or their earnings. Similarly, there was no evidence that any Wells Fargo account money was deposited by anybody other than Mahmoud, or, after Mahmoud's passing, by anybody other than Mahmoud's widow, Payam's mother.

As discussed in the court's prior ruling at the conclusion of trial, the Trustee produced no persuasive evidence of any inappropriate financial transaction by Shakib,

Payam, Mahmoud or Payam's mother with respect to the Doheny Property or otherwise.

### Alter Ego

The Trustee seeks turnover of the Doheny Property to the estate by imputing ownership of the property to the Debtor under an alter ego theory. "[I]n determining whether alter ego liability applies, we apply the law of the forum state." In re Schwarzkopf, 626 F.3d 1032, 1038 (9th Cir. 2010). In the corporate context, "[o]wnership is a prerequisite to alter ego liability . . . . [A]n individual must own at least a portion of a corporation before an alter ego relationship exists under California law." S.E.C. v. Hickey, 322 F.3d 1123, 1129-30 (9th Cir. 2003).

The Trustee did not establish that Shakib or Payam have any legal ownership in SIPA. Although equitable ownership may be sufficient for an alter ego relationship in some contexts, the Trustee does not allege, nor do the facts support a finding that Shakib or Payam held any equitable ownership in SIPA. In re Schwarzkopf, 626 F.3d at 1038.

Moreover, alter ego is a procedural claim to disregard a corporate structure to hold an individual shareholder liable for claims against the corporation by treating the corporation and individual as one entity. Here, the Trustee asserts what is known as "an outside reverse piercing theory" because the Trustee is attempting to hold SIPA liable for claims against the Debtor. See Greiling v. Zahoudanis, No. CV08-06467ODW, 2009 WL 700049, at *2 (C.D. Cal. Mar. 13, 2009).

California courts reject outside reverse piercing. Under California law, "a third party creditor may not pierce the corporate veil to reach corporate assets to satisfy a shareholder's personal liability." Postal Instant Press, Inc. v. Kaswa Corp., 162 Cal. App. 4th 1510, 1512 (2008); In re Schwarzkopf, 626 F.3d at 1037 (applying Postal

Instant Press). "California courts recognize that [outside reverse piercing] is 'an unacceptable shortcut' because 'conversion and fraudulent conveyance already afford judgment creditors an adequate remedy." Zahoudanis, 2009 WL 700049, at *3.

The Trustee's alter ego allegations fail for two reasons: (1) no legal or equitable ownership of SIPA by anybody other than Mahmoud or his widow was alleged or proved, and (2) there is no basis in the evidence of wrongdoing or injustice here to pierce the corporate veil in this context, even considering that otherwise SIPA was a failed startup.

### Turnover of property of the estate under 11 U.S.C. § 542

Pursuant to 11 U.S.C. § 541(a)(1), all legal or equitable interests of the debtor in property constitute property of the estate upon commencement of a bankruptcy case. The Trustee has the burden of proof to establish that the subject property is property of Shakib's bankruptcy estate. In re Jacobson, 676 F.3d 1193, 1200-01 (9th Cir. 2012).

There is no evidence that any entity besides SIPA, or perhaps Payam's mother, holds title to the Doheny Property. There is no evidence that anyone besides Payam's father (and now Payam's mother) had or now has legal or equitable ownership in SIPA or any assets owned by SIPA. The Trustee has not established that either Payam or Shakib have any legal ownership in the Doheny Property or the Wells Fargo account.

The Trustee has not established that either Payam or Shakib have an equitable or legal interest in the Doheny Property under an alter ego theory. Nor has the trustee established that Shakib or her husband Payam acquired an equitable interest in the property by living in and maintaining the property at Payam's parents' request and expense. The trustee has not established that Shakib or her husband Payam have or ever had any equitable ownership in the Wells Fargo account.

The power of attorney that Mahmoud signed at Wells Fargo Bank in favor of Payam specifically states: "This document does not give your agent [Payam] the power to accept or receive any of your property, interest or otherwise, as a gift, unless you specifically authorize the agent to accept or receive a gift." Exhibit 7, pg. 2. The Trustee has not proved by a preponderance (or at all) that Mahmoud or Mahmoud's widow intended to make a gift of the Doheny Property to Payam or Shakib. The evidence proves simply that Mahmoud and his widow apparently wished Payam and Shakib to live in the property and to pay its mortgage, taxes and other upkeep expenses as well as other personal expenses with funds of Mahmoud or his widow in the Wells Fargo account.

The Trustee has not established that either Shakib or Payam has any legal or equitable interest in the Doheny Property other than the right to live there and enjoy it based on the generosity of Payam's parents. Therefore the Trustee has not established that the Doheny Property is property of this bankruptcy estate and subject to turnover.

The Trustee produced no evidence of conversion, fraudulent transfer, or fraudulent conveyance of any asset by Mahmoud, his widow, SIPA, Shakib, or her husband Payam.

Based on the foregoing, the court concludes that the Trustee's claims fail.

IT IS SO ORDERED.

Date: August 6, 2014

Thomas B. Donovan
United States Bankruptcy Judge